IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DWIGHT ROMARO BRANCH** | § | |
| | § | |
| **v.** | § | **A-14-CV-684 LY** |
| | § | |
| **MIKE PEARCE** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Dwight Romaro Branch's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), the Government's Response to Petition for Writ of Habeas Corpus (Dkt. No. 8), and Branch's Memorandum in Support of his Petition (Dkt. No. 9).[1] The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.   GENERAL BACKGROUND

Branch brings a petition pursuant to 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") erred by not treating his state and federal sentences as having run concurrently, and denying his *nunc pro tunc* request that they be treated as such. Branch's sentences derive from robberies that occurred on July 30, 1992, August 4, 1992, and August 17, 1992. Branch was arrested by local

---

[1] Branch also brought a Motion to Rescind the Court's order that the Government file and answer to his petition, on the grounds that he had not yet filed his Memorandum of Facts and Law in support of his petition. Dkt. No. 6. Branch filed his Memorandum after the Government filed its Response, and the Court has taken it under advisement. Accordingly, his Motion to Rescind is **DISMISSED AS MOOT**.

authorities on August 21, 1992. On October 20, 1992, he was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. A grand jury charged Branch with robbery affecting commerce, use of a firearm during a crime of violence, and possession of a firearm by a felon in connection with the July 30, 1992 robbery. The grand jury also charged Branch with robbery affecting commerce and possession of a firearm by a felon in connection with the August 4, 1992 robbery. Branch pled guilty to all the charges, and on May 24, 1993 was sentenced to a total of twenty years of confinement: fifteen years for each charge (save one), to run concurrently, and, for the remaining charge of use of a firearm during a crime of violence, an additional five years to run consecutive to the others. Dkt. No. 8-1 at 13-14. Branch was to be given credit for any time served in federal custody on these charges, but the Court made no other recommendation to the BOP. *Id*. After he was sentenced, federal authorities returned Branch to state custody. On July 29, 1993, Barnes pled guilty to aggravated robbery in connection with the August 4, 1992 robbery and was sentenced to life in prison; on January 10, 1997, Barnes pled guilty to aggravated robbery in connection with the August 17, 1992 robbery and was sentenced to confinement for twenty-five years. Dkt. No. 8-1 at 18, 23. He remained in state custody until he was paroled on October 31, 2011, and turned over to federal authorities.

After his transfer to federal prison, Branch petitioned the BOP to retroactively designate the state facilities in which he had served his sentences as the place for service of his federal sentence. Such a *nunc pro tunc* designation would have allowed the time Barnes served for his state convictions to "count" against his federal sentence, thereby reducing his overall time incarcerated. Before ruling on Barnes's petition, the BOP solicited the views of the United States District Court Judge who had sentenced Branch, who stated by letter that he believed Branch's request should be

denied. Dkt. No. 8-1 at 59-60. The BOP then denied Branch's request. He now brings the instant motion, pursuant to 28 U.S.C. § 2241, seeking to reverse that determination.

## II.  ANALYSIS

The essence of a petition for writ of habeas corpus under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a § 2241 petition attacks the manner in which a prisoner's sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus may only be filed in the district in which the prisoner is incarcerated. *Id*. The Government does not contest that this Court has jurisdiction over Branch's § 2241 petition, or that this Court is the proper venue, and that Branch has exhausted his administrative remedies. The Court concurs.

**A.     Claims properly brought under § 2255**

However, as the Government rightly points out, to the extent Branch brings a collateral attack against his conviction or sentence, this Court lacks jurisdiction, as such claims are properly brought as § 2255 motions in the Court where a petitioner was sentenced. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997). Under the § 2255(e) "savings clause," a petitioner may bring a collateral attack under § 2241, but only when he affirmatively shows that § 2255 is an "inadequate or ineffective" remedy. 28 U.S.C. § 2255(e). Branch's petition states that he is challenging the validity of his conviction or sentence as imposed, and that a motion under § 2255 "is inadequate to challenge the legality of my sentence because I am challenging the ruling of a nunc pro tunc designation during an administrative remedy process." Dkt. No. 1 at 2, 4, 5. And indeed, the essence of Branch's

argument is that he is entitled to a *nunc pro tunc* designation that his state and federal sentences should have run concurrently. However, Branch's arguments in favor of that designation, at least as stated in his memorandum in support of his petition, evince a challenge more properly brought on a § 2255 motion. First, Branch argues that because the Presentence Report delivered to the District Court Judge who sentenced him stated that there were no other charges pending against Branch, the Judge could not have known there was any issue regarding whether Branch's sentence should be served concurrently with or consecutive to a state sentence. Accordingly, the Judge's silence on this issue should not be read as evidence that his sentences should not be served concurrently. Second, Branch argues that because both his federal and state convictions were for acts committed during the same course of conduct, the Judge, upon consultation of the United States Sentencing Guidelines, should have adjusted Branch's sentence or held that it should run concurrently with a state sentence. Each of these arguments are collateral attacks on Branch's sentence, not challenges to the way in which it is being carried out. Branch has not affirmatively shown that § 2255 is an inadequate or ineffective remedy in his case, so the § 2255(e) "savings clause" is not applicable here.[2] Accordingly, these claims should be **DISMISSED** for lack of jurisdiction.

**B.**    ***Nunc pro tunc* designation**

Still, Branch's challenge to the manner in which his sentence is being carried out is properly brought under § 2241. Branch argues that his federal and state sentences should be treated as running concurrently. He notes that the District Court Judge did not specify whether Branch's

---

[2] In fact, Branch brought a § 2255 petition in 2013, which was dismissed as untimely. *United States v. Branch*, No. 3:13cv3171 (N.D. Tex. Sept. 6, 2013).

sentence should run consecutively or concurrent to any state sentence. Branch's first argument is wholly without merit. When, "multiple terms of imprisonment" are "imposed at different times" they "run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The Fifth Circuit has held that when, as here, a District Court "offered no opinion as to whether [a petitioner's] sentences should run consecutively or concurrently, . . . '[his] state and federal sentences ran consecutively, because the district court did not specify otherwise.'" *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010) (citing *Free v. Miles,* 333 F.3d 50, 553 (5th Cir. 2003)). This rule applies even when state sentences are merely anticipated at the time of federal sentencing. *See, id*. at 428, 429, 341, n.4. When a court "wishes to depart from this default rule," the "onus" is "on the district court to specifically order" a sentence to run concurrently with another. *Jones v. Joslin*, 635 F.3d 673, 674-675 (5th Cir. 2011). Here, the District Court Judge was aware that Branch was in federal custody pursuant to a writ of habeas corpus ad prosequendum, and thus that he had the option to run Branch's sentence concurrent to any potential state sentence. He did not. Accordingly, the BOP's determination that Branch's sentence should run consecutive to his state sentence was correct.

      Branch also challenges the BOP's denial of his request for a *nunc pro tunc* ruling, which would have allowed the time he spent in state prison to count towards his federal sentence. After a District Court has sentenced a federal offender, the BOP is responsible for calculating a prisoner's sentence and for determining what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their sentences. *United States v. Wilson*, 503 U.S. 329, 331–32, 334 (1992). Pursuant to 28 U.S.C. § 3621(b), "the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves

a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (per curiam) (citing *Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990)). When an inmate requests a *nunc pro tunc* designation the BOP reviews the request in light of the factors set out in § 3621(b)[3] and the BOP's Program Statements. The BOP, however, will only make such a designation "when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." BOP Program Statement 5160.05. The BOP's *nunc pro tunc* designation is "entitled to substantial deference," and can only be overturned for an abuse of discretion. *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007). Indeed, "the decision whether to designate a [state] facility as a place of federal detention [pursuant to 18 U.S.C. § 3621(b)] 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Abdul–Malik v. Hawk–Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (citing *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)).

The record in this case shows that the BOP reviewed Branch's *nunc pro tunc* request under the relevant factors set out in 18 U.S.C. § 3621(b), and in accordance with case law and their own polices. Dkt. No. 8-1 at 63. In addition, because the judgment in Branch's case did not specify whether the federal sentence would run concurrently with his state sentence, the BOP properly sought the opinion of the District Court Judge on whether or not he would object to a retroactive

___

[3]These factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence— (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type or penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

designation under § 3621(b). Dkt. No. 8-1 at 56-57. The District Court Judge recommended that Branch's request be denied. Dkt. No. 8-1 at 59-60. Ultimately, the BOP determined that Branch's case was not appropriate for a *nunc pro tunc* designation. Given the above factors, the BOP acted within its clear discretion when it denied Branch's request for *nunc pro tunc* designation. *See Puga v. Sherrod*, 462 F. App'x 470, 473, 2012 WL 573419 at * 2 (5th Cir. 2012) (finding that the BOP acted within its discretion when it denied *nunc pro tunc* designation given the intent of the sentencing court and the lack of statutory entitlement to credit for the expired state sentence). As such, Branch's petition should be denied.

## III.  RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** the claims that complain of the lack of certain information in the presentence investigation report, and that the sentencing judge should have adjusted his sentence to account for state sentences that were impending, as **FOR LACK OF JURISDICTION.** Further, the undersigned **RECOMMENDS** that the District Court **DENY** Dwight Romaro Branch's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of June, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE